IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER M. KING, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>CATHOLIC HEALTH INITIATIVES, a Non-Profit Foreign Corporation Operating in Nebraska;<br><br>Defendant. | 8:18CV326<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 40). Defendant, Catholic Health Initiatives,[1] opposes the motion, except as to Plaintiff's proposed amendment naming CHI Nebraska d/b/a CHI Health as a party defendant. (Filing No. 42).

Plaintiff filed this motion on February 15, 2019,[2] which was the Court-imposed deadline for parties to file motions to amend pleadings and add parties. (Filing No. 20). Initially, Plaintiff's proposed amendments included naming CHI Nebraska d/b/a CHI Health as a party defendant and adding hostile work environment claims and gender discrimination claims under Title VII and the Nebraska Fair Employment Practice Act (NFEPA). In Plaintiff's reply brief, however, she agreed to voluntarily withdraw her proposed state law claims under the NFEPA.[3] (Filing No. 43 at p. 1). Therefore, Plaintiff only seeks to amend her Complaint to name CHI Nebraska d/b/a CHI Health as a party defendant, add a separately-pled claim for gender discrimination under Title VII, and to amend her damages and prayer for relief. (Filing No. 40 at pp. 3-20; Filing No. 43 at p 1).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have

---

[1] Defendant states it is improperly named in the Complaint and asserts its proper name is "CHI Nebraska d/b/a CHI Health." (Filing No. 42 at p. 1).

[2] Plaintiff is correct in noting that the Order's February 15, 2018, date was scrivener's error. (Filing No. 41 at p. 2 n. 1).

[3] As argued by Defendant, it appears that Plaintiff's proposed claims under NFEPA would be futile as time-barred. (Filing No. 42 at pp. 4-5).

an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013)(internal quotation and citation omitted). Defendant opposes Plaintiff's proposed additional claim for gender discrimination under Title VII as futile and unduly prejudicial. (Filing No. 42 at p. 1).

Defendant asserts that Plaintiff's proposed Title VII claim for gender discrimination is futile because she failed to exhaust her administrative remedies. A plaintiff must exhaust administrative remedies before asserting claims under Title VII. See *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634-35 (8th Cir. 2006). This requires a plaintiff to "timely file an administrative charge with the EEOC." *Id.* at 634 (internal quotation marks and citation omitted). "The information contained in an EEOC charge must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002)(quoting *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886-87 (8th Cir. 1998)); see also *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005)("[C]laims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge."). However, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Cottrill*, 443 F.3d at 634 (internal quotation marks and citation omitted).

Upon review, the Court finds that Plaintiff's proposed claim for gender discrimination under Title VII is reasonably related to the substance of her administrative charge. In Plaintiff's Charge of Discrimination to the NEOC and EEOC, she selected the box for discrimination on the basis of sex. In stating the particulars of the charge, Plaintiff stated she was female, was sexually harassed by a male subordinate, complained about such harassment, and believed she "was discriminated against due to my sex when no action was taken," which led to her constructive discharge. Plaintiff further stated she believes she was "discriminated against on the basis of sex,

2

in violation of Title VII" in that she was repeatedly subjected to sexual harassment on a daily basis, and that no action was taken on her complaints based on her sex. ([Filing No. 42-1 at p. 1](#)). Liberally reading Plaintiff's Charge, the Court finds it is sufficient to give Defendant notice of the subject matter of, and to generally identify the basis for, her claim for Title VII gender discrimination. See *[Dorsey](#)*, [278 F.3d at 838](#). Accordingly, the Court finds that Plaintiff's proposed amendment adding a gender discrimination claim under Title VII is not futile for failure to exhaust administrative remedies.[4]

Additionally, Defendant will not be unduly prejudiced by the addition of the new Title VII claim, as it arises out of the same factual circumstances set forth in Plaintiff's administrative charge and original complaint. Plaintiff's proposed Title VII gender discrimination claim very generally alleges that she was qualified for her job, suffered adverse employment actions, and that she was discriminated against based upon her gender. ([Filing No. 40 at p. 13](#)). In Plaintiff's original Complaint, she alleged a claim for "sexual harassment as a form of discrimination" under Title VII, which is not materially different from her amended proposed claim. ([Filing No. 1 at p. 9](#); [Filing No. 40 at p. 13](#)). Moreover, pursuant to the operative progression order, discovery in this case is still ongoing, and at least as of the time the Plaintiff filed this motion, the parties had not yet taken any depositions. Defendants will have plenty of time to explore the basis for Plaintiff's Title VII gender discrimination claim prior to trial. In consideration of the above, and considering that leave to amend should be freely given, the Court finds Plaintiff should be granted leave to amend her Complaint, as limited by her reply brief. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint ([Filing No. 40](#)) is granted, in part. Plaintiff is granted leave to file an amended complaint that names CHI Nebraska d/b/a CHI Health as a party defendant, makes other minor revisions to which Defendant did not object, and adds a separate count for gender discrimination under Title VII, on or before **April 19, 2019.**

---

[4] "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Fed. R. Civ. P. 12(b)(6)].'" *[Zutz v. Nelson](#)*, [601 F.3d 842, 850 (8th Cir. 2010)](#) (quoting *[Cornelia I. Crowell GST Trust v. Possis Med., Inc.](#)*, [519 F.3d 778, 782 (8th Cir. 2008)](#)). Although the Court is determining that Plaintiff should at least be granted an opportunity to raise her Title VII sex discrimination claim in an amended complaint, the Court is not foreclosing Defendant's opportunity to again raise Plaintiff's failure to exhaust administrative remedies by appropriate motion at a later date.

3

Dated this 3rd day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge